UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON VEYTIA, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LCC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 20-CV-0341-GPC-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO STAY;**<br><br>**(2) GRANTING MOTION TO WITHDRAW AS COUNSEL; AND**<br><br>**(3) DENYING AS MOOT MOTION TO DISMISS AND RELATED JOINT SCHEDULING MOTIONS.**<br><br>**[ECF No. 16, 29, 34, 35, 36.]** |

On August 27, 2020, the Parties filed a joint motion seeking to stay the instant dispute pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 (July 9, 2020). (ECF No. 35.) For the reasons below, the Court **GRANTS** the motion. In addition, the Court **GRANTS** the pending motion by Defendant to withdraw one of its attorneys as counsel of record, (ECF No. 16), and **DENIES** as **MOOT**, the pending motion to dismiss and related scheduling motions. (ECF Nos. 29, 34, 36).

## I.     Background

On February 2, 2020, Plaintiffs Jason and Rebecca Veytia filed their initial Complaint. (ECF No. 1.) Defendant Portfolio Recovery Associates, LLC filed an Answer on March 19, 2020, which they then amended on April 8, 2020. (ECF Nos. 4, 7.)

On May 28, 2020, Defendant filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c). (ECF No. 18.) On June 26, 2020, Plaintiff filed a First Amended Complaint, rendering the Rule 12(c) motion moot. (ECF No. 23.) On July 17, 2020, Defendant filed a motion to dismiss the FAC. (ECF No. 29.)

After discovering that the FAC contained some sensitive information, the Parties jointly moved to strike the and re-file the FAC absent that information, which the Court then granted on July 24, 2020. (ECF Nos. 30, 31.) Thus, the correct and operative version of the FAC was filed on July 24, 2020. (ECF No. 33.) The Court scheduled a hearing for Defendant's motion to dismiss the FAC for October 9, 2020. (ECF No. 32.)

Plaintiff's FAC alleges, in summary, that:

> Defendant unlawfully communicated incessantly and continuously with Plaintiffs for over a year despite knowledge of legal representation and in addition called Plaintiffs with such frequency to be oppressive and abusive. Defendant would call multiple times in a given day and/or on a daily basis. Defendant called on Plaintiffs' cell phones without their consent and used an autodialer which electronically placed calls to the Plaintiffs without any human intervention in violation of the TCPA and used a pre-recorded voice messages as further alleged herein.

(ECF No. 33 at ¶ 2.) Based on these facts, Plaintiffs allege two causes of action for negligent and intentional violations of the Telephone Consumer Protection Act ("TCPA"), (*id.* at ¶¶ 144–173), as well as several related causes of action for violations of 11 U.S.C. § 362, (*id.* at ¶¶ 101–10), and California's Civil Code provisions regulating debt collection. (*Id.* at ¶¶ 111–43.)

The Parties have since filed three joint motions. First, on August 21, 2020, the Parties sought a joint extension of the time to file an opposition and reply to the motion to

dismiss. (ECF No. 34.) Then, on August 27, 2020, the Parties filed joint motions seeking to (1) stay the current action and (2) continue the pending hearing on Defendant's motion to dismiss the FAC. (ECF Nos. 35, 36.) There is also a pending motion by Defendant to withdraw one of its attorneys as counsel of record. (ECF No. 16.)

## II.     Legal Standard

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A court may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *accord Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action before the court. *Leyva*, 593 F.2d at 863–64.

In exercising its discretion in determining whether to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Specifically, a court must consider: (1) the possible damage or harm to the non-moving party which may result from granting a stay; (2) the hardship or inequity the moving party may suffer in being required to go forward with the case if the request for a stay is denied; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer*, 398 F.3d at 1110; *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

"If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or

3

inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted). A stay should also "not be granted unless it appears likely the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. And "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Ultimately, the "proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

**III.   Analysis**

Here, the Court concludes that all three factors weigh in favor of a stay pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 (U.S.) ("*Facebook*").

First, as to judicial economy, the Parties represent that the Supreme Court will clarify the definition of an ATDS in *Facebook* and thereby resolve a circuit split during the 2020 Term. (ECF No. 35 at ¶ 7.) Indeed, the Supreme Court recently granted a petition for a writ of certiorari in *Facebook* as to the question, "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *See Facebook, Inc. v. Duguid*, 2019 WL 5390116 (U.S.), at *ii (petitioning the Supreme Court); *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, at *1 (U.S. July 9, 2020) (granting the writ).

Resolving Plaintiff's claim under the TCPA would require the Court to address this very issue, as Plaintiff alleges that "Defendant called and harassed Plaintiffs without their prior express consent in excess of (280) times using an 'automated telephone dialing system,'" or ATDS. (ECF No. 33 at ¶ 146.) The Parties, moreover, contend this issue is "disputed" and "central" to the resolution of the case, and the Court agrees. (ECF No. 35 at ¶ 8.) Consequently, this factor weighs in favor of a stay because the Supreme Court's decision will simplify a critical legal issue and streamline this Court's consideration of

the instant matter. *See Blower v. Portfolio Recovery Associates, LLC*, No. 19-CV-02270-BAS, 2020 WL 5223544 (S.D. Cal. July 23, 2020) (staying action where ATDS definition was "central"); *see also Safeco Ins. Co. of Am. v. Nelson*, No. 20-CV-00211-MMA, 2020 WL 3791675, at *6 (S.D. Cal. July 7, 2020) (recognizing as "valid" a party's concern that moving forward would require the parties' to re-litigate an issue decided in another matter).

Second, the Court also finds that Defendant may face hardship if required to go forward this case. The Parties contend that confirming the definition of an ATDS will permit them to "engage in fact and expert discovery and substantive briefing using the proper definition of an ATDS under the TCPA." (ECF No. 35 at 4). The Court agrees. *See Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 822 (D. Minn. 2016) (noting that awaiting decision clarifying meaning of ATDS will "help streamline the legal issues and focus discovery").

Third, the Court finds that Plaintiff is unlikely to suffer harm in the event that the Court grants a stay. The Court infers as much from Plaintiff's decision not to oppose the motion. *See In Re Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation*, No. 11-MD-02295-JAH, 2020 WL 5223545 (S.D. Cal. July 27, 2020) ("Plaintiffs' non-opposition to the motion further supports the interests here weigh in favor of a stay of the proceedings"); *CoinLab Inc. v. MT Gox KK*, 513 B.R. 576, 579 (W.D. Wash. 2014) (ordering stay where opposing party did not it "will suffer harm" if the action were stayed).

In light of the foregoing, the Court finds that a stay here is appropriate at this time. The Court is mindful, of course, that the Supreme Court's decision in *Facebook* may not be swift. *See Smith v. JPMorgan Chase Bank, N.A.*, No. 20-CV-01777-CBM-, 2020 WL 5033532, at *2 (C.D. Cal. Aug. 21, 2020) ("it is purely speculative whether the United States Supreme Court will reach a decision in *Duguid* within a year"). A stay is appropriate here despite this fact for the reasons stated above, principally, that neither

5

Party contests the stay nor has either Party articulated why they would be prejudiced by the stay. The Parties, moreover, do not contend that the stay will prevent the action from being "conducted within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. And, the Parties may move to lift the stay at any point for good cause. Consequently, the Court grants the joint motion for a stay. *Cf. Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 4698646, at *2 (W.D. Wash. Aug. 13, 2020) (declining to stay a case pending the resolution of Facebook given Plaintiff's arguments that the Supreme Court's decision will alter discovery and that a stay could be "lengthy").

**IV.   Conclusion**

For the foregoing reasons, the Court **HEREBY ORDERS** that all proceedings in this action are stayed pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511 (July 9, 2020). The Court **FURTHER ORDERS** that:

1. The Parties shall provide the Court with Joint Status Reports every <u>120 days</u> from the date of this Order to appraise the Court of any progress in this action, and an additional Joint Status Report regarding remaining case management deadlines and other relevant issues within fourteen (14) days of the Supreme Court's decision in *Facebook*;
2. The Parties may move at any time to lift the stay in this matter for good cause;
3. The Parties may file a joint motion to dismiss in the event that they reach a settlement agreement; and
4. The stay may be lifted at any time by order of the Court.

In light of the stay, and to assist in managing its own calendar, the Court **DENIES** without prejudice Defendant's motion to dismiss the FAC as **MOOT**. (ECF No. 29.) Once the stay is lifted, any relevant motions attacking the FAC may be filed. Accordingly, the Court also **DENIES** as **MOOT** the joint motions to (1) continue the

hearing on the motion to dismiss and (2) for additional time to oppose the motion to dismiss. (ECF Nos. 34, 36.)

Lastly, the Court **GRANTS** Defendant's motion to withdraw Attorney Leanne Yu as counsel of record. (ECF No. 16.) Two attorneys from Ms. Yu's firm, attorneys Robert Travis Campbell and Margaret T. Cardasis, remain as counsel of record for Defendant.

**IT IS SO ORDERED.**

Dated: September 3, 2020

Hon. Gonzalo P. Curiel
United States District Judge